AO 243 (Rev. 2/95)



# PETITION UNDER 28 USC §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District NORTHERN DISTRICT OF ILLINOIS | |
|---|---|---|
| Name of Movant EMANUEL BOLDEN | Prisoner No. #15183-424 | Case No. 02-CR-1261-CRN |
| Place of Confinement Federal Correctional Complex Terre Haute, Indiana 47808 | | |

| UNITED STATES OF AMERICA | V. | EMANUEL BOLDEN, |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **United States District Court Northern District of Illnois**

2. Date of judgment of conviction **On Janurary 22, 2004 found guilty by jury**

3. Length of sentence **293 months plus 60**

4. Nature of offense involved (all counts) **Indictment on One Count of §922(g)(1)**

# FILED

MB

NOV 2 6 2007
NOV 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   N/A

   N/A

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

07CV6641
JUDGE NORGLE
MAGISTRATE JUDGE SCHENKIER

7. Did you testify at the trial?
   Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒     No ☐

9.  If you did appeal, answer the following:

(a) Name of court ___Seventh Circuit Court of Appeals_____

(b) Result _____ __Aff'_____

(c) Date of result _____Unknown_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐      No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____N/A_____

(2) Nature of proceeding _____N/A_____

_____N/A_____

(3) Grounds raised _____N/A_____

_____N/A_____

_____N/A_____

_____N/A_____

_____N/A_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐      No ☒

(5) Result _____N/A_____

(6) Date of result _____N/A_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____N/A_____

(2) Nature of proceeding _____N/A_____

_____N/A_____

(3) Grounds raised _____N/A_____

_____N/A_____

_____N/A_____

_____N/A_____

_____N/A_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____ N/A _____

(6) Date of result _____ _____ N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐        No ☒
(2) Second petition, etc.     Yes ☐        No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N//A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

<u>Caution:</u>    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.   Ground one: Ineffective Assistance of Counsel for failure to

Investigated

Supporting FACTS (state *briefly* without citing cases or law)

In violation of Sixth and Fifth Amendments

[See Attach Memorandum and Points and Authorities hereto]

B.   Ground two: The Sentencing violation the Fifth and Sixth Amendments

Supporting FACTS (state *briefly* without citing cases or law)

[see attah Memorandum of Points and Authoirities hereto]

C.   Ground three: Sentence is in violation of the Equal Protection of the

of the Fifth Amendment and Article 1, § 9, Clause 3, of the
Constitution

Supporting FACTS (state *briefly* without citing cases or law)

[please see the attaching Memorandum of points and Authorities
Hereto]

_____ N/A _____

_____ N/A _____

D.  Ground four: _____ N/A _____

_____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐          No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing _____ **Unknown** _____

_____ **Same** _____

(b) At arraignment and plea _____ **Same** _____

_____ **Same** _____

(c) At trial _____ **Same** _____

_____ **Same** _____

(d) At sentencing _____ **Same** _____

_____ **Same** _____

(e) On appeal _____ **Unknown** _____

_____ **Same** _____

(f) In any post–conviction proceeding ___ **Same** _____

_____ **Same** _____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

_____ **Same** _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐          No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A _____

_____ N/A _____

(b) Give date and length of the above sentence: ___ N/A _____

_____ N/a _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐          No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

*Emanuel Bolden*
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7/20/07
(Date)

*Emanuel Bolden*
Signature of Movant

(7)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EMANUEL BOLDEN,

        Petitioner,

        V.              No:_____

UNITED STATES OF AMERICA,   No: 02-CR-1261-CRN

        Respondent,

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.§2255
MEMORANDUM POINTS OF AUTHORITIES IN SUPPORT OF THE WRIT

I.

A. INTRODUCTION AND DISCUSSION.

     COMES NOW, Petitioner, Emanuel Bolden, Pro., Se., and without the assistance of counsel, relaying on Haines v. Kerner 404 U.S. 519, for less stringent pleadings requests and moves this Honorable Court to 'Forthwith' issue its 'Writ of Habeas Corpus' pursuant to 28 U.S.C. §2255. The court's review is taken pursuant to 28 U.S.C. §2243.

     The 'Writ' must be granted because of the Constitutionality of the Sentencing Proceedings, are in conflict with the original intent of the Constitution, and Federal Rules, which are in violation of the Fifth, Sixth amendments, and Article 1 §9, Clause 3, with decisions from other Courts and Courts of Appeals.

     Petitioner, applies to this court for judicial review of the facts that petitinoer's sentencing is in violation of the 'Fourth, Fifth, and Sixth Amendments, and Federal Law[s] Federal Code of

1

Regulations, Polices, Procedures, Rules, and Statutes of the United States. The §2255, application and petition for a **'Writ of Habeas Corpus'**, for review, this court's review is taken under the Constitution.

The records show that petitioner, is held in custody under color of authority of the United States, United States Department of Justice, and in direct care of R.V. Veach Warden of the Federal Correctional Complex, Terre Haute, Indiana. Petitioner is in custody pursuant to an act[s] of Congress now known to **'Void Ab Initio'**, and is now insufficient to establish imprisonment the order causing imprisonment was founded on violation of the COnstitution. Because of the above violation of petitioner's right[s] is intitled to be release from his confinement. Further delay would and well cause a more serious injuies.

The court having venue over petitinoer's subject-matter jurisdiction under its power to adminster justice must move quickly to settle the controversy that has risen. The integrity of the legal system rest on its fair application of the statement under the procedures offered by the court. Petitinoer's Right[s] to review of the respondents administration of sentencing. The government is whole, and each branch recives its **'Exclusive Authority'** under the Constitution by separate sections. Included, the grant of power one of the most important limits, on exercise of power, and the most important limits laid out in the Constitution is separation of power.

The courts are to declare the law[s], courts hold no power to make the law[s], or execute law[s]. Petitioner holds **'Rihts[s]'** to **'Equal Protection of the Law[s]'**, **'Article 1, §9, Clause 3,**

2

of the Constitution which bars Congress from unsurpingly Judicial
Power[s] of fact[s] the judge in this case found fact[s] that
are illeged and deprived petitioner of right[s] to a trial by jury
as to the determination on any and all enhancements, and by not allowing
petitioner to be tried in an unbias and fair tribunal. which deprived
petitioner of his Right[s] to 'Due Process of Law[s]' one which attached
by the United States, its agents, or Instrumentities the record constructed
and ratified by the United States, Proof beyond all doubt, by the
pre-ponderance of evidence the fact[s] of the charges violates what
the Supreme Court has ruled in law[s] in the matter 'Stinson, Reese,
Ameline, Bain, Hooker, Jones, Apprendi, Blakely Tran, there are no
issues to litigate, because the government is 'Estopped' from refuting
these fact[s] by its own statement. Petitioner in this case is entitled
to release from his imprisonment, under the violations of the
Constitution.

The Federal District Court divested itself of jurisdiction when
it knowingly failed to correct its own unlawful act[s] issing a
sentence and imprisonment, and knowingly that the Court did-not have
jurisdiction over petitioner, and after the court had notice, its
own act[s] were illegal, both Congress and the Executive Branch had
failed to protect the Supreme Court's statement, if the court had
any intent to correct its errors and return jurisdiction to the Spirit
of the Constitution, it would have done so.

The extraordinary circumstances presented in petitioner's case
justify the immediate release from his imprisonment, as it would
be a complete miscarriage of justice would result if petitioner,
is not released in accordances with the Constitution and Federal

3

Law[s], at the time petititioner was sentenced. The sentencing Law[s] is/was highly pre-judicial proceedings which offends the spirit of the Fifth, and Sixth Amendments to the Constitution.

For all the reasons shown herein, this court has jurisdiction pursuant to 28 U.S.C. §2255, and 2243, to decide the case on its merits, because this is a Federal Questions of Constitutional Magnitude.

II.

## B. FACTUAL STATEMENT.

On June 25, 2002, the petitioner was arrested by Officers of the Chicago Police Department for aggravated unlawful use of a weapon and for not having owner's identification card. On December 19, 2002, a one-count indictment was filed, by the United States Assistance Attorney General, in the Northern District of Illinois, which the Grand jury charging Emanuel Bolden with unlawful possession of a Firearm by a felon, on or about June 25, 2002, in violation of 18 U.S.C. §§922(g)(1), and 924(e)(1).

On December 20, 2002, the Honorable Judge Charles R. Norgle issued a bench warrant for the petitioner's arrest. On January 13, 2002, the petitioner appeared before Judge Norgle for arraignment hearing, and entered a plea of not guilty to the indictment.

The indictment charged that, on or about June 25, 2002, the petitioner having previously been convicted of a crime punishable by imprisonment for term exceeding one year, knowingly possessed a firearm in , and effecting interstate commerce, in that the firearm had traveled in interstate commerce prior to petitioner's possession of the firearm, allegation regarding the gun and some ammunition.

4

On June 13, 2003, defendant Bolden proceeded to jury trial before Judge Norgle. On January 21, 2004, the jury trial concluded and the jury begain deliberations. On January 22, 2004, the jury found defendant Bolden guilty on the sole count of the indictment. A judgment of guilty was entered and the matter was referred to the Probation Department for a Pre-sentence investigation and report. On April 21, 2004, a sentencing hearing was held. Judge Norgle sentenced Defendant Bolden to a term of [293] months of imprisonment.

In this case the United States Probation Officer calculated Petitioner's Offense level at [24], but added addition [9] levels which put petitioner in the highest Cirminal Category of [VI] which was determined by the Probation Officer, which resulting in a final Guiledline Range of [235-293] months, or [26.1] years imprisonment. However, it should be noticed that the Probation Officer stated that in the [PSI] that this crime did-not, and was not a crime of violence and the petitioner is not considered a **Career Offender**, pursuant to §4B1.1. Further, no evidence is available to suggest that the petitioner possessed a firearm in connection with a crime of violence, or a controlled substance offense. Thus, this officer proposes that the offense levels provided by §4B1.4(b)(1)(2), and (3)(A), do-not apply to the petitioner. pursuant to §4B1.4(b)(3)(B), the probation Officer still added the [9] levels, making the levels to [33].

At sentencing, Petitioner's attorney did-not vigorously opppse the enhancements, instead, [s]he agreed with the government that petitioner was a **Career Offender**. However, by nonfeasance, everyone involved missed the fact[s] that the [PSI] said that petitioner was not a **Career Offender**, under §4B1.4, and thus, not legally eligible

for the 'Career Offende ' enhance penalty.

### III.

**C. REASON FOR GRANTING THE WRIT PETITIONER IS ENTITLED TO BE RELEASE BECAUSE OF THE ENVALID SENTENCE WHICH IS IN VIOLATION OF THE FIFHT AND SIXTH AMENDMENTS, AND EX POST FACTO LAW[S] AND ARTICLE 1, § 9, CLAUSE 3 , OF THE CONSTITUTION.**

**Legal Anslysis Standard of Review and Relief,** since there are questions of Constitutional Magnitude at the issues here.

Petitioner, as a layman, in particular, did-not agree to the operate of his defense under invalid law[s]. Petitioner did-not waived mandatory provisions of the law[s], for his protection in fact petitioner has been sibject to a **'Criminal Conspiracy' 'Extortion', and 'Criminal Fraud',** of his Constitutional Right[s] the selence of the legal professionals who knew, or should have disclosed that the mandatory nature of the Guidelines, any claim[s] that petitioner, waived legal protection required by law[s], and then some-how could be subjected to application of an illegal statute is absurd in the extreme.

Petitioner, relied upon the higher knowledge and higher duty of the courts officer, particularly the United States Attorneys and defense Counsel to state the law[s] correctly, petitioner believed based upon representation by Attorney Robert Clarke, that he was and is entitled, by operation of the law[s] to the **'Equal Protection of the Law[s]',** here petitioner did-not consent to the violation of the Constitution, **'Article 1, § 9, Clause 3,',** and of the **'Fifth, and Sixth Amendments'.**

The first [120] months, or [10] years, or petitioner's [293] months, or [24.5] year sentence punishing petitioner for the crimes that were **'not'** charged in the indictment, and found beyond a doubt by a jury and never admitted by petitioner. But, that were alleged

6

in the government's Pre-Sentence Investigation Report [PSI], which
the judge, and the Probation Officer determined and adjudge that
petitioner probably committed, thus, guilty of said enhancement.
The judge add [14] years to imprisonment petitioner beyond the
maximum solely on enhancements that were never charged in the
indictment.

All right[s] being denied by said enhancements proceedings
aforesaid to this writ, petitioner has been and is being threatened
to be deprived of such right[s] without the meaning of the Spirit
of the Constitution, and which protection has, or is not accorded
to this writ, he has been by said proceedings, and yet is, deprived
of 'Equal Protection of the Law[s]', all of which is illegal
and oppressive act[s] and things are in violation of and in conflict
with the Constitution and ought to be redressed by the Judicial
Power. Sence **Marbury v. Madison 5 U.S. [1 cranch] 137, 2 L.Ed
60(1803).** The Supreme Court has interpreted the Constitution
to give to the Judicial an important, albeit limited, role in the
structure of the Government. First, Federal Courts fulfill their
role 'only' by adjudication cases, or controversy before them.

This embraced the requirement that the courts have subject-matter
jurisdiction, see **Capron v. Norden 6 U.S. [2 cranch] 126,.2 L.Ed. 229
(1804),** and that a justifiable case, or controversy is presented. See
e.g., **Allen v. Wright 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d
556(1984); Hill v. Beals 396 U.S. 45, 90 S.Ct. 1520, 24 L.Ed. 2d 214
(1969).**

Second, when faced with a proper case, or controversy. Courts,
both States and Federal, must apply all applicable law[s] in rendering

7

their decisions, **Tests v. Katt** 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 60(1803). Their, courts have a duty to uphold the Constitution. **United States v. Nixon** 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039(1974) See also **Martin v. Hunter's Lessee** 14 U.S. [1 cranch] 137, 2L.Ed 60(1803). Last, a final judgment by a court is binding and must be inforced. **Cooper v. Aaron** 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed 5(1958).

In **Barlett v. Bowen** 886 F.2d 695(D.C.Cir.1987), the District of Columbia Circuit succinctly described the  judiciary's role albeit limited, role, role in the structure of the government. The Constitution makes ample provisions for the establishment of the court's of justice to administer her law[s], and to protect and ienforce the right[s] of her Citizens. **Article 3, §1**, of that instrument, says that the judicial power of the United States shall be vested in one Supreme Court, and such inferior courts as the congress may, from time to time ordain and establish, Sec 8 of Article I., closes its enumeration of the powers conferred on Congress by the broad declaration that it 'Shall' have authority to make all law[s] which 'Shall' be necessary and proper for carrying into execution the foregoing powers, and all of the power vested by Constitution in the government, or any department thereof.

Petitioner, says that the sentencing, trial, and verdict is in conflict with, and prohibited by the Constitution whereby **"Inter Alia"** and is a threat to deprive petitioner of such right[s] without 'Due Process of Law[s]', and that the same is 'Ex Post Facto Law[s]', within the meaning of the Constitution all of which is illegal and oppressive act[s]. At the sentnecing hearing the Judge found additional facts by a 'Pre-ponderance' of the evidence based on fact-finding by the

8

Judge along, which raised petitioner's sentence above the legally
mandated for his base leve 1 of [24]. The Constitution prohibits from
allowing along judge to make a finding that raises the sentence beyond
which the judge could have lawfully imposed by reference to fact[s]
found by the jury, or admitted by the petitioner.

In **Jones v. United States** 526 U.S. 227,243, n. 6(1999), the court
stated with 'Charity' the rules of Constitutional Law[s] that resolves
the 'First Question' presented [u]nder the **'Due Process Clause'** of
the **Fifth Amendment'** and 'Notice and Jury Trial' guarantee of the
'**Sixth Amendment'** 'any fact[s]' other than prior convictions the
increases the maximum penalty for a crime[s] must be charged in the
indictment and submitted to a jury and proven beyond a reasonable
doubt. **Jones 526 U.S., at 239.** The Constitutional Rule[s] articulated
above permits only one answer, **'Judge[s] may not'** find fact[s] by
Pre-ponderance of evidence, if those fact[s] increases the severity
of the punishment to which a defendant is exposed. The court reinforced
this focus in Ring v. Ariziona 536 U.S. 584,602(2002), 'if a state
make an increase in defendants authorized punishment contingent on the
finding of a fact[s], that no matter how the state labels it
must be found by the jury beyond a reasonable doubt'.

Petitioner faced a base offense level of [24]. United State
v. Howard 894 F.2d 1085,1090(9th.Cir.1990), that the government
'bear[s] the burden of proof for any fact that the sentencing court would
find necessary to determine the base offense level'. United States v.
Charlesworth 217 F.#d 1155,1158(9th.Cir.2000), by treating the factual
statements in the [PSI] as presumptively accurate, and placing the
burden on petitioner to disprove them.

The matter of Law[s] suggested in the sentencing as grounds for the courts of this Circuit is that the amended Guidelines was/is an 'Ex Post Facto Law[s]', and that the proceedings of the court and its sentencing as well as both the §§3353,3574, were illegal and 'Void ab Initio', and in conflict with and in violation of those Articles of the Constitution. The Constitution prohibits allowing a judge alone to make a finding that raises the sentence beyond which the judge could have lawfully been imposed by reference to fact[s] found by the jury, or admitted by petitioner.

Had the judge not included the extra enhancements in the offense level, and had this level not been adjusted upward, for the 'Career Offender', the designated sentence authorized range would have been [100-125] months. The maximum sentence authorized by the Guidelines Range increased from ['125] months to ['293] months because petitioner supposely had an 'Extensive Criminal Record' subjecting petitioner to a [24.5] over the maximum years of imprisonment.

The Solicitor General expressed concern to the Supreme Court that a decision such as the court ultimately made in Blakely would jeopardize the 'Federal Sentencing Guidelines'. In the ,ajority opinion in Blakely, foot-note 9, the court noted:

> The United States, as 'Amicus Curiae' urges us to affirm. It notes differences between Washington's sentencing regime and the Federal Sentencing Guidelines but questions whether those differences are Constitutionally significant....The Federal Guidelines are not before us, and we express no opinion on them. 'The Solicitor General, in his brief, stated'. If the fact[s] reflected in the jury's verdict alone' are the elements of the offense, petitioner's theory would mandate the application of Apprendi to any fact[s], other than the offense elements, that increase the defendant's punishment. Such a rule would have profound consequences for the Federal Guidelines. As explained more fully.

10

> below, fact[s] other than the elements of the offense enter
> into almost all of the calculations under the Guidelines,
> beginning with the most basic calculations for determining
> the offender's presumptive sentencing range. A decision in
> favor of petitioner could thus raise a serious question
> about whether Aprendi applied to myraid factual
> determinations under the Guidelines.

The dissenting Justices in Blakely agreed with the majority
on the consequences of the decision. According to Justice
O'Connor,

> Under the majority's approach, any fact[s] that increases the upper
> bound on a judge's sentencing discretion is an element of the
> offense. Thus, fact[s] that historically have been taken into
> account by sentencing judges to assess a sentence within a broad
> range-such as drug quantity, role in the offense, risk of bodily
> harm-all must now be charged in an indictment and submitted to a
> jury. Id., at n13.

Like the Washington Sentencing Reform Act, which Amended
that State's Criminal Code, the United States Sentencing Guidelines
have the force of Law[s]. see United States v. Stinson 508 U.S.
36(1993). The Sentencing Commission is fully accountable to Congress
which can revoke, or amend any, all of the Guidelines as it sees
fit. Mistretta v. United States, 488 U.S. 361,393-94(1989). In
fact, Congress has recently exercised it's authority to amend
the Guidelines. See protect Act, upb. L. No. 108-21 §401(b)(g)(I)
117 Stat. 668-669.671(April 30, 2003). Moreover, the Guidelines
are and was binding legislative rules that a court must follow
to impose sentence. Stinson 508 U.S., at 42,45.

In Booker/Fanfan the Supreme Court, cancelled all orders
in a criminal case that caused incarceration. In short, the
Honorable Justices said all the judgements issued under the United
States Guidelines [U.S.S.G.] were void for violation of the Fifth
and Sixth Amendments. In this case, the Apprendi line of cases,
as clarified by Blakely, Leads to the conclusion that defendant's

11

sentence violated his Sixth Amendment Right[s] to trial by jury.
Since the District Court's finding on the issue went beyond the
jury's verdict, the judge exceeded his authority under current
law[s]. Apprendi, Jones, Booker. Blakely was based on law[s]
in existence at the time defendant's sentence, as it flowed naturally
from Apprendi.

The failure to recognize defendant's Sixth Amendments Right[s]
and apply those rights to the sentencing calculation constitutes
plain error. Since the District Court's error resulted in a higher
sentence for petitioner, the third prong of the 'plain error'
annalysis is met, because it has affected his substantial right[s].
Blakely, holds that a judge may not Constitutionally impose a
sentence beyond the statutory maximum permitted by the facts
bound by a jury, or admitted by petitioner. The jury's verdict
alone, or petitioner's admission alone, must authorize the sentence.

The supposely fact[s] that petitioner had two(4) prior convictions
which triggered application of the career offender provision,
4B1.1, was found by the trial judge on a preponderance standard
Petitioner maintains this was also a violation of his Sixth Amendment
Right[s] under Jones, Apprendi, and Blakely, and Booker. Recognizing
this fundamental defect in the manner in which Criminal Defendants
were sentence, the Supreme Court sought to remedy the situation
through its ruling in Apprendi. The court stated that if a statute
anexes a higher degree of punishment based on certain circumstances
exposing a defendant to higher degree of punishment required
that those circumstances be charged in the indictment and proved
beyond a reasonable doubt. The court stated that 'other than

12

the fact of a prior conviction,' any fact that increases the
penalty for crime beyond the prescribed statutory maximum must
be submitted to a jury, and proved beyond a reasonable doubt.
Apprendi 530 U.S., at 490(200).

In Ring v. Arizona 536 U.S. 584(2002), the Supreme Court
clarified and reaffirmed this rule. The Ring holding is straight
forward and clear-out. The Apprendi rule applies to any aggravating
fact[s] necessary to expose a defendant to punishment beyound
an otherwise mandatory statutory limit. Id. As recently observed
by the United States District Court for the District of Massachusetes
regarding the Sentencing Guidelines. The Sixth Amendment guarantee
of trial by jury has been eroded as never before, in the history
of our nation, while the Institutional Judiciary complacently
slips into forms of expression and modes of thought that unconsciously
reinforce the Department Agenda in a **'Powerfully Orwellian Way'**.
United States v. Green(D.Mass. 2004).

The Supreme Court in Blakely noted that the rule announced
in Apprendi reflected two(2) long-standing tenets of common law[s]
Criminal Jurisprudence, 'that the truth of every accusation against
the defendantshould after-wards be confirmed by a unanimus [jury
verdict], and that an accusation which lack any particular fact[s]
which the law[s] makes esstential to the punishment is....no
accusation in reason.' Id, the Court then noted the principle
in American Jurisprudence that every fact[s] which legally essential
to the punishment's must be charged in the indictment and proved
to a jury'. Id. Therefore, the upper bound of the appropriate
Guidelines Range based on fact[s] proven to a jury beyond a reasonable

**13**

doubt, or admitted by the defendant and established the relevent statutory maximum for **Apprendi's** purposes.

petitioner, maintains his §§ 924(c)(1), 922(g),and the **'Career Offender,** sentence was imposed in violation of his **Fifth and Sixth Right[s]** which are Unconstitutional and (a) the sentencing Guidelines Range, was decided by the judge by a **'Preponderance of Evidence'** standard and (b) supposely Petitioner had, **(13),** prior convictions which rendered the **'Career Offender'** provisions of the Guidelines applicable was found by the judge, by **Preponderance of Evidence** standard.

At sentencing, petitioner's Attorney did-not virgoroisly oppose the enhancements, instead [s]he agreed with the government's Attorney that petitioner was a **'Career Offender**. However, by nonfeasance, everyone involved missed the fact[s] that some of petitioner's convictions was out-side the range of the U.S.S.G pursuant to §4A1.2 ¶E, and thus not eligible for the Career Offender enhancements penalty.

Petitioner, was similarly subject to dueling statutory maximum under §§. 924(c)(1), 922(g) he faced a potential of [0-20] years. However, petitinoer is a victim of a system in which the District Judge, Assistant United States Attorney, United States Probation Officer, and Assistant Attorney did by Malfeasance knowingly, willfully side-step the question[s] of the Constitutionally of the Federal Sentencing Guidelines and the Federal Rules of Criminal Procedure, in whcih did violation **'Article 1, § 9, Clause 3,**

and a 'Criminal Conspiracy', Criminal Fruad', and 'Treason'
against petitioner's **Life/Liberty**', and his Constitutional Right[s]
which was confiscate at the hands of the judge, Assistant United
States Attorney, United States Assistant Probation Officer, and
petitinoer's Attorney, by their resorting to being contortion
artists of the Law[s].

The United States Attorney General, and His/her Assistant
with the District Judge Assistant Probation Officer, and petitioner's
Attorney waged economice and illegal **warfare** against petitioner
by using Law[s], and the Guidelines knowingly that thay were
**'Void ab Initio'** and in violation of the **'Ex Post Facto Law[s]**
and the Constitution.

**Judge**, United States Attorney General, Assistant Probation
Officer and petitioner's Attorney appears to be a **'Rogue'** agents
dedicate to knowingly violation the Constitutional Right[s] of
petitioner, in which routinely threatens America Citizens with
their power of judge, prosecutor, probation officer, and petitoner's
attorney. The pattern of **'Racketeering'** activity appears to be
comprised of thousands of predicate act[s] of **'Criminal Conspiracy'**
**'Criminal Fruad'** **'Extortion'** **'Treason'**, and **'Obstruction of Justice,**
in violation of **18 U.S.C. §1951(b)(2)**, and **§371**, here by wrongful
use of Federal Law[s] to prosecuted, and to enhancement petitioner
under invalid law[s]. Also **U.S.C. §1503**, spanning a time at least
from 1984 to 2004.

In fact petitinoer contends that the sentencing scheme was
adopted by Congress and implemented by the United States Sentencing
Commission on November 1, 1987. The District Judge knew that and
believed that the sentencing Guidelines were contrary to

15

the requirements of the Constitution.Many defedant[s] including
petitioner,were sentences under the mandatory Guidelines scheme
and many,including petitioner are still imprisoned,under the
mandatory system....1987 to 2004.Judges,United States Attorney
General and United States Probation Department,and petitioner's
Attorney knowingly did their best to side-step the Constitutional
Right[s],and sentencing defendants including petitioner,to senten-
ces that were in-appropriate under any Law[s],or theory of sen-
tencing except the guidelines. District Judge,in other words fail
to follow the Constitutional Law[s] and the Fifth and Sixth Amen-
dments are therefore,side-stepping the issues knowingly the sen-
tence was unjust.

In fact petioner,contends that a provision of the [SRA]
18 U.S.C.  §3553(b)(1),commands that the judge **shall** impose a
sentence of the kind,and within the range referred to in subsec-
tion(a)(4),which in turn refers to the Guidelines  non-binding and
therefore,Constitutional.Hence,the court concluded §3553(b)(1)
must fall on its face because,the majority invalidate 18 U.S.C.
§3553.

In petitioner case,the Constitullional sentence enhancement
stemmed not from  3553(b)(1),alone but from the combination of
 3553(b)(1),and individual Guidelines.Specifically,in petitioner
case the District Judge increased the base offense levels,under
 **1B1.2(a)(2),**which instructs that the base offense levels **shall**
for certain offenses take into account all act[s] that were part
of the same course of conduct,or common scheme,or plan as the
offense of conviction, **2D1.1(c)(1),**which sets the offense level

16

in which they violated **'Article 1, §9, Clause 3'** of the Constitution in which petitioner's **'Life/Liberty'** that which was confiscated at the hands of the United States District Judge, United States Assistant Attorney General, United States Assistant Probation Officer, and with petitioner's Attorney, by their resorting to being contortion artist of the Law[s]. The court, Attorney General Probation Officer, and petitioner's Attorney waged economic and legal warfare against petitioner by using Law[s] and Sentencing Guidelines that was **'Void ab Initio'** and in violation of **'Article 1 §9, Clause 3'**, of the Constitution.

The only answer to be given is, because Law[s] of this character are **'Oppressive, Unjust, Tryannical, Vendictive,** and **Malice'**. The Supreme Court, has said when our Constitution and Bill of Right[s] were, written our ancestors had ample reasons to know that Legislative, Trial, and Punishment were to dangerous to **'Life/Liberty'** to exist in the **'Bill of Attainder'**, and **Bill of Pain and Penalty'**. **United States v. Lovett 328 U.S. 303,330, Cummingham v. Missouri 4 Wall U.S. 277, 18 L.Ed. 356; Ex Parte Gardland 4 Wall U.S. 333, 18 L.ed. 366; Pierce v. Coeshan 16 Wall U.S. 234, 21 L.Ed. 276.** It is the peculiar province of Legislature to prescribed General Rules, for the government of Society would seem to be the duty of other departments. **Fletcher Peck 5 Cranch 86, 136, 3 L.Ed. 162,178; Ogden v. Sanders 12 Wheat 213,286, 6 L.Ed. 606,631.**

Congress may not, under any 'Circumstances' interfere with

//
/

17

Judicial discretion. Congress did this when it mandatory the
U.S.S.G., on the courts, this is a 'Bill of Pain and Penalty',
in violation of 'Article 1, §9, Clause 3', of the Constitution,
this is what the court said was a violation of the Constitution
these points are shown very, clearly in the United States Code,
used to prosecute any-one in Federal Courts, and by silence to
American Jurisprudance on, or as, to the Constitution, an equally
important part to understand in the superior reviewing body,
the high court stated 'the law[s] used to sentence a prisoner
was invalid', there is no Severence Clause in the Act of Congress
P.L. 98-478, that mandate the U.S.S.G.

In Calder v. Bull 3 Dall U.S. 386, 1 L.Ed. 648(1798), Justice
Chase classified 'inter' the Ex post Facto Law[s] falling within
the works and 'inter' of the prohibition, contained in 'Article
1, §9, Clause 3, of the Constitution, every law[s] that changes
the punishment and inflicts a greater punishment that the law[s]
annexed to the crime[s] when committed, thus altering the situation
of the accused to his disadvantage since no one can be criminal
punished except according to a law prescribed for his government
by the sovereign authority before the imputed offense was committed,
or by the same law[s] passed afterward by which the punishment
is not increased. Stating that any statute which make more berdensome
the punishment for a crime[s] after its commission is prohibited
as an 'Ex Post Facto Law[s]', the court in Beagell v. Ohio 269
U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216(1925), went on to say that
the criminal quality attributable to an act[s] by the nature,
or amount of punishment imposed for its commission cannot be

18

altered by Legislative enactment, after the fact[s], to the disadvantage of the accused.

There are no argument that the District Court could entertain, nor any action relativing to predicate action founding this petition None compliance with the Constitution creates only a void, unenforceable act of no legal consequence. 'Due Process of Law[s]' is notice and opportunity to respond and full disclosure in good faith of 'all relevant material facts and law[s]. Acts in violation of the Constitution are not voidable, but absolutely void. subject matter competence the legal power of sentencing court, is void by order of the Supreme Court, as is the power over the person, petitioner.

Since Marbury v. Madison 5 U.S. 1 Cranch 137, 2 L.Ed. 60(1803) the Supreme Court has interpeted the Constitution to give to the Judiciary and important, albeit limited, role in the structure of the government. First, Federal Courts fullfill their role 'only' by adjudicating cases, or controversies before them. This embraces the requirements that the Courts have subject matter jurisdiction, see Capron v. Van Noorden 6 U.S. 2 Cranch 126, 2 L.Ed. 229(1804), and that a jurisdiction cases, or controversy is presented. See, e.g., Allen v. Wright 468 U.S. 737, 104 S.Ct. 315, 82 L.Ed.2d 556(1984); Hill v. Beals 396 U.S. 45, 90 S.Ct. 1530, 24 L.Ed.2d 214(1969).

Second, when faced with a proper case, or controversy courts, both State and Federal, must apply all applicable law[s] in rendering their decisions. Testa v. Katt 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967(1947); Marbury v. Madison 5 U.S. 1 Cranch 137, 2L.ed 60(1803).

19

Third, courts have a duty to uphold the Constitution. United
States v. Nixon 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039(1974),
see Martin v. Hunter's essee 14 U.S. 1 Wheat 204,330-33, 4 L.Ed.
97(1816). Forth, a law[s] contary to the Constitution may not
be enforced. Marbury v. Madison 5 U.S. 1 Cranch 137, 2 L.Ed.
60(1803). Last, a final judgment by a court is binding and must
be inforced. Cooper v. Aaron 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d
5(1958).

In Barlett v. Bowen 816 F.2d 695(D.C.Cir.1987), the District
of Columbia Circuit succinctly described the judiciary's role
albeit limited, role in the structure of the government. The
Constition makes ample provision for the establishment of the
court's of justice to administer her 'Law[s]' and to propect
and enforce the right[s] of her citizens. Article III § 1, of
that instrument, says that the judicial power of the United States
'shall' be vested in one Supreme Court, and such inferior courts
as the Congress may, from time to time ordain and establish.
see § 8 of Article I., closes its enumeration of the powers conferred
on Congress by the broad declaration that it 'shall' have authority
to make all law[s] which 'shall' be necessary and proper for
carrying into execution the foregoing powers, and all other powers
vested by the Constitution in the government of the United States
or any department thereof. Cummings v. Missouri 71 U.S. 277,
18 L.Ed. 356(1867); Gut v. State 76 U.S. 35, 19 L.Ed. 573(1870)
Refess v. Salmon 97 U.S. 381, 24 L.Ed. 835(1890); Ducan v. Missouri
152 U.S. 377, 14 S.Ct. 579, 45 L.Ed. 1015(1901); Malloy v. South
Caroline 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 905(1915); Beazell

v. Ohio 269 U.S. 167, 46 S.Ct. 68 70 L.Ed. 216(1925); Lindsey
v. Washington 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182(2937);
Dobbert v. Florida 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344
(1977).

Procedures arguments that the Fifth and Sixth Amendments
or the 'Bill of Pain and Penalties Clause, Article 1, § 9, Clause 3,
applys only at specific times to specific class of individuals,
or cases that are non starter. 'Article 1, § 9, Clause 2, similarly,
in Malloy v. South Carolina 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed.
905, the court recognized as being with classification of 'Ex
Post Facto' law[s] prohibited by the Constitution every law[s]
that aggravate a crime, or makes it greater than it was when
committed. In Lindsey v. Washington 301 U.S. 397, 57 S.Ct. 797,
81 L.Ed. 1182(1937). The court recognized that the United States
Constitution forbids the application of a new punitive measure
to a crime[s] already consummated only if it operates to determine
or material disadvantage of the wrongdoer.

The issue is clear, that if one part of the law[s], making
mandatory the will of Congress over the Judicial, is void, other
such incorporated provisions are also Unconstitutional. 'PL 98-473
deleted prior law[s], or sentencing. The October 12, 1984, 98
Stat 1728, effective November 1, 1987, repealed prior sentencing
law[s] which contained parola provisions. This means the new
law[s], now declared Unconstitutional is, replaced by the old law[s].
Constitutional construction states under these circumstances, the
law[s] replaced is considered in effect at the moment the replacing
law[s] in invalidated.

## D. PRESENTENCE REPORT §3574, §3582

The Presentence Report is prepared by the United States Probation Officer, a division of the courts. Probation is a sentence served under a court's conditions without imprisonment, under Supervision of a Probation Officer. Probation is a sentence in it-self. Parole, in criminal law[s], is a condition, or conditional release from imprisonment executed outside prison if all the terms and conditions with the person released satisfactorily complying with the conditions. Prison sentence of ten(10) years may be served in any manner set by law[s].

There are two distinctly different kinds of punishment. Supervised Release is not listed in the law dictionaries as are Probation, and Parole. This fact by it-self tells us it's a different kind of sentence. Double Jeopardy is banned by the Fifth Amendment 'no person...shall!..be subject for the same offense to be twice put in Jeopardy of 'life and limb'. This attached only after the jury has been sworn, or after judged in a jury trial, or plea, receives the first piece of evidence. Trial in this case is the sentencing hearing is a trial, the defendant is mandatorily provided with the opportunity to prove evidence, legal cause why sentencing of conviction should not be pronounced upon the verdict, or plea of conviction. Federal Criminal Rule 32 provides this under Federal Sentencing practice, the judge must personally addressed the defendant, otherwise the sentenc is voidable.

In petitioner's case the conviction was obtained under a charge carrying a specific penalty, the offense conduct and penalty must be stated by the charging statute in order for them to be

valid. The Criminal Code violations list a penalty of fine, or imprisonment and sometimes fine and/or imprisonment, there are no statutes regarding **'Supervised Release'** as a form of punishment this is simply because it is a second kind of punishment, because the restraint of **'Liberty'** is a limitation, particulary confinement in context, is unlawful restraint is the act restraining a person's freedom of movement without the right, or the authority to do so.

The foundation of this action is simple logic applied to the fact that **'Supervised Release'**, is attached after a conviction, carrying punishment defind and limited by statute, the charging statute, or code carries one set of penalties, when the rules change to another statute, the U.S.S.G., this change from criminal statute to Civil statutes sets the stage for a **'Habeas Corpus'** application to test the legality of the new kind of sentence added to the punishment after the offense conduct has been found.

The issue in the charging of an aggregated sentence an supervised release it is a fact that the court[s] agent[s], the Probation Officer, makes the charge finding Supervised Release. This 'Double Penalty' has been set by Congress. Congress is barred by **'Article 1, § 9, Caluse 3,'** of the Constitution, from transgressing on Judicial function and discretion. The United States, allows Legislative power to make the Law[s], Exclusive Power to Administer it, and Exclusive Power to the Judicial to enforce it. This fundamental principals bars absolutely, the encroachment by Legislative on Judicial.

In other words, Congress may not under any circumstances, limit, or expand a sentence to be determined by the Judicial.

23

Further, Congress, in particular and the United States in general and its Attorneys is absolutely bared from causing a person to be subject to two(2) sentences under different branches. Such law[s], if promulgated by Congress, is void for violation of the Constitution.

## D. THE DISTRICT COURT ERRED IN ISSUING AN UNREASONABLE SENTENCE IN VIOLATION OF THE MANDATE OF THE CONSTITUTION AND 18 U.S.C. §§3553,3551, §3583.

18 U.S.C. §3551, authorizes only three(3) types of sentence; (1) **Probation**, (2) **Fine**, (3) **Imprisonment**. The charging statutes that was before the court, with one exception under **18 U.S.C. 2113(a)(d)**, was limited to punishment of [Fine and/or Imprisonment] Refereance to the charging instrument, the indictment and the charged offenses will verify the above statement. Other reference sections in **18 U.S.C. §3551**, and **§3553**, Imposition of sentence, **§3552** Order of Restitution, none of which authorize **'Supervised Release'**.

18 U.S.C. $3553, references, 28 U.S.C.§994, which also only recognizes sentences of **(1) Fine, (2) Imprisonment, or (3) Probation**. This section references to **18 U.S.C. §3663(b)**, and **§3583(2)(b)**, and **§3663** deals with the condition of Probation.

18 U.S.C. §3583 states in general the court, in imposing a sentence to a term of imprisonment for a felony, or a misdemeanor may include as a part of the sentence a requirement that the defendant be placed on a term of Supervised Release after imprisonment 'except that the court **'shall'** include as a part of the sentence and that a requirement that if such term is required by statute. Being charged under one statute and sentenced under another set of

24

anyone care if they were convicted of murder, as opposed to
manslaughter, but for the increased penalties for the former
offense,  which in turn reflect the greater moral opprobrium
society attaches to the act ? Harris 122 S.Ct., at 2424. These
fact are related to this application on the grounds that both
the replaced law an the U.S.S.G rely on the same provision for
types of sentences available to the court, sentences are limited
to a term of "Probation, Fines, or Imprisonment.

     This a fact that Supervised Release is brought before the
courts by an act of Congress via Pre-Sentence Report claims first
presented by the Judicial Branch, a violation of the separation
of powers docrine. (A) 18 U.S.C. §1987 edition, Chapter 227.
Subchapter a general provisions, §3551 at (b) 'Individuals'
found guilty 'either' by plea, or trial of an offense 'shall'
be sentenced in accordance with the provisions of §3553, to (1)
a term of Probation...., (2) a Fine..., (3) a term of imprisonment
...., a sentence to pay a fine may be imposed in addition to
any other sentence.

     Sections 3553, 3554, 3555, and 3556, do-not authorize a
Supervised Release. Section 3553 references to §994, duties of
the Commission, which at (a)(1), et., Seq., references to the
Guidelines. The (a)(1) section references only to sentence of
probation, fine, or imprisonment, for the first time in the statutes
at §994(a)(4),(b), are the conditions of Supervised Release
mentioned, same referencing to §3563(b), § 3583(b), is the key,
inclusion of a term of "Supervised Release" after imprisonment,
for the first time the illegal Supervised Release is presented as a code

26

§3583(a), in  general the court, in imposeing a sentence to
a term of imprisonment for a felony, or a misdemeanor, "May"
include as part of the sentence a requirement that the defendant
be placed on a term of Supervised Release, if such a term is
required by statute. And, at §3583(c), factors considered in
including of 'Supervised Release, the court is to comply with
the factors at §3583(a)(1)(2)(d)(A)(4)(A)(5), and (A)(6), and
returning to §3553, imposition of a sentence, no reference to
Supervised Release is disclosed, merely reference to Guidelines.

The United States Congress Promulgated the Guidelines,
purposes to establish sentencing policies and practices, asure
meeting of the purposes of sentencing set-forth in §3553(a)(2),
provides certainty and fairness in muting the purposes of sentencing,
avoiding unwarranted sentencing disparities. The sentence imposed
is to, (b)...reference to criminal conduct, (c) protect the Public
....(d) to provide the defendant with needed " Eductional. or
Vocational Training, Medical Care, or Correctional Treatment...".

It is clear from full reading of the sentencing practice
in Title 18, that inclusion of the term of Supervised Release
is to be included as part of the term of imprisonment. This conclusion
is based on numerous foundations, one of which is that statutes
must work in harmony, have no controversy in their applications.
When the authorizing portion of the sentencing code, chapter
227, §3551, limits the sentencing powers of the court to three
types of penalties for offenses described in any Federal Statute,
other than an act of Congress applicable exclusive, in the District
of Columbia, or Uniform Code of Military Justice, and Supervised

27

Release is not mentioned, then Supervised Release is not an authorzed sentence. §3583, for inclusion of a term of Supervised Release after imprisonment set by the sentence authorized by the statute.

In the context of this application for deliverance from Supervised Release, the facts are stated in the United States Code representing the public and the law[s] has been stated by the Supreme Court. **(a)** PL-98-473 as amended is void in all of its mandatory provisions requiting the court of the United States to act under control of the Congress. **(b)** Parole under the replaced law[s] went into force the moment the Supreme Court declared the **U.S.S.G. UNCONSTITUTIONAL AS OF JANUARY 2005.**

It is clear that supervised release is intended to be executed as part of the sentence. Reference to the order in a criminal case settles the matter conclusively. Supervised Release is mentioned under and after term of imprisonment with no qualifier that it is additional to the punishment authorized on the charged conduct and authorized sentence according to law[s]. No 'Double Jeopardy is invoked when the sentence under the statute is excuted as intended and stated by Congress'. Example: (1) Sentence of ten(10) years, One Hundred Twenty [120] months imprisonment authorized by law[s] and issued by the Judicial Officer exclusively; (2) the sentence may be executed by the executive branch; (3) the executes the sentence according to the law[s]; (4) the execution may take any form, e.g., imprisonment and Supervised Release within the Ten(10) years; (5)Supervised Release is set as part of the order at five(5) years, Sixty(60) months; (6) the Supervised Release term is to be subtracted from the overall sentence, leaving five(5) years, or Sixty(60) months imprisonment; (7) Statutory

**good** time 18 U.S.C. §3624, mandates Fifty Four(54) days a years
deductionfrom the term of imprisonment, now deleted; (8) Five
years at Fifty Four[54] days is Two Hundred Seventy[270] days
which is deducted from the overall term of punishment, leaving
four[4] years[3] months imprisonment Fifty One[51] months; (9)
the last Six[6] months imprisonment, or ten[10] percent of the
sentence aggregate is to be served under conditions that will
afford the prisoner reasonable opportunity to adjust to and prepare
for prisoner's re-entry into community. This Community Corrections
Center time is deducted from imprisonment which would leave three
[3] years [9] months imprisonment; (10) the Executive Branch
holes sole exclusive power to apply all of the above, being subject
to judicial review, only in the event administrative duties trespass
on prisoner's 'Due Process Right[s]'.

Given that the above is only valid on a lawful sentence
one obtained under full compliance with the Constitutional
Delimitations the specter of **'Doudle Jeopardy'** comes into play
as material, relevant, legal, issues concerning current application
of Supervised Release after full term of imprisonment is served.

Careful reading of §3583., at [C] discloses previsions.....
if the term of Supervised Release is to be included.....factors
set forth is §3553(a)(1),(2)(B)(2)(D)(a)(4)(a)(5), and (a)(6).
'If' and 'include' reference a sentence under the charging statute
which limits the sentence to fines, or imprisonment when the
sentence code are applied in harmony probation, fine, or imprisonment
as authorized sentence on offense conduct, now becomes clear
in application and executive.

The controlling after clarifying the above is that charge offense does not reference, e.g., gives adequate notice and opportunity to respond, to Supervised Release. Supervised Release only appears during the minimal trial of sentencing, in which the court through its agents, the United States Probation Officer, adds Supervised Release, a seperate form of restraint of 'Liberty' to the term of the charged by the offense penalty under the statute, and authorized by sentencing statute.

In order for the court to maintain jurisdiction. Both subject matter and person, it must have a valid statute under which to act. jurisdiction claims may not be defaulted, Petitioner need not be show "cause" to "justify" his failure to reach such claims. The Government must give notice of enchancements proir to taking such action, enhancements being Supervised Release. Notice by the Judicial Branch Pre-Sentencing Report, as Prepared by the court officers, United States Probation Department, is not proper notice tje United States Attorney is sole authorized representative for the United States.

Notice via P.S.R., places the court in the executive function of prosecution, bringing the claim, of vilation of seperation of powers and "Bill of Attainer Clause", of the Constitution. A second, punishment, a different type, a different statute than charged, administered under the United States Probation Officer, a court agent, is illegal in the extreme. Two (2) punishment are barred by 'Double Jeopardy'. New claims for Petitioner to defend against under under a separate statutes, violated "Due Process", is "Double Jeopardy" execution of the Supervised Release as admininstered by the courts of the United States, is a violation of the separation

of powers. Supervised Release as an additional punishment after
prison is illegal in the extreme.

The law is well established that to sustain a crime, the
statute alleged to have been violated must have been 'duly enacted'
by the legislature. See Hatch v. United States 212 F. 2d 283, 284
(9th. Cir. 1954), a law which has not been duly enacted is "not
law" and therefore, a person who does not comply with its provisions
cannot be guilty of any crime[s]. Cooper v. Telfair 4 U.S. 14,
1 L. Ed. 721 (1800). Longevity does not insure that a statute is
Constitutional. Brenman v. United States Postal Service 439 U.S.
1345, 98 S. Ct. 22, 58 L. Ed. 2d 51 (1978).

Marbury v. Madison 1 Cranch 137, 5 U.S. 137, 2 L. Ed. 60 (1803)
"Court of the United States are bound to take notice of the Con-
stitution". Petitioner also requests the court to take judicial
notice of the records of the P.L. 98-478, 98 Stat 1728, Congress
as referenced herein, which establishes the invalidity of the
passage of Public Law 98-478, of the United States Code.

Federal Courts long have distinguished between courts, as
inaminate institution, see e.g.. In Re Mstger 46 U.S. [5 How]
176, 191 [1847], as Justice story expained, a court is not a
Judge, nor a Judge a court, a Judge is a Public Officer who, by
virture of his/her office, is clothed with judicial authorities
a court is defined to be a place inwhich Justices is judicially
administered. United States v. Clark 25 F. Cas. 441,442 [C.C.D.
MASS.1813].

Petitioner is imprisonment under invalid and a void order
which is without authority of law and one so imprisoned will be
discharged on Habeas Corpus. In Re Ayers 123 U.S. 443, 8 S.Ct.

31

164, 31 L.Ed 216 [1887]; Fay v. Noia 372 U.S. 414,423, 83 S.Ct. 822, 9 L.Ed.2d. 937 (1963); Ex Parte Siebold 100 U.S. 371, 25 L.Ed. 717 (1879) "[T]he rule, springing from the nature and limits of the jurisdictional power of the United States is inflexible and without exception, which requires the court of its own motion, to deny its jurisdiction, and in the exercise of its Appellate power, that all other courts, of the United States in all cases where such jurisdiction foes not affirmatively appear on the record". Mansfield, C.L.M. Ry V. Swan 111 U.S. 379,382, 4 S.Ct. 510, 28 L.Ed. 462 (1884).

As the statutes and Sentencing Guidelines pursuant to which Petitioner was indicted, convicted, and sentenced were enacted into positive law, are unconstitutional on their face and are 'Null and Void ab Initio", Petitioner's indictment and conviction are "Null and Void ab Initio' and the court has a duty to issue an order for his release, with prejudice.

**THE STANDARD TO DEFINE DOUBLE JEOPARDY.**

Double Jeopardy is defined as a second punishment as a second trial for the same offense, same transaction. Jeopardy as established by charge conduct statue and sentencing authorizing and controlling sentences and sentences issues by the United States, and that all acts by the United States are authorized, or limited by its Constitution. Double Jeopardy controls as a matter of fundamented power, e.g., the law, under "Due Process delimitation", as guaranteed by the Fifth Amendment. Jeopardy is punishment as issued by the Judicial Branch, limited by statute, a second type of punishment brought under a serarate statute, is a '**DOUBLE PUNISHMENT**" "inter alia" a new set of charges brought by the Judicial Branch in

32

its Congressional ordered Pre-Sentencing Report, malice of sentencing
under the Constitution may not be waived as no third party, e.e.,
defendant may relieve a Public Official of sworn duties.  Constitutional
delimitations is a jurisdiction issue, in relation to Supervised
Release, or sentence enhancements, under U.S.S.G., brought after
the fact of original charges, being adjudicated.  Both are Fifth
and Sixth Amendments violations, in conflict with Jones, Apprendi,
Booker, and others.

Authority to assign a double punishment on same transaction,
same set by fundamental law, same law[s], to authorizes courts
to act, is barred, which means jurisdiction to issue a double
punishment is void, not merely voidable.  Proof of these is of
record to in every criminal action.  The indictment set absolutely
the punishment available.  Any action, by the court outside the
indictment lack subject-matter jurisdiction in the sentencing
context, meaning as a whole is a single prosecution transaction.
Authority for the single transaction, a criminal prosecution,
valid, or not, is predicated by the indictment, which states
all subjects to be applied against the defendant.

Addition subject-matter, e.g., Supervised Release, or sentencing
enhancements, under a new statute, is a separate proceeding.  Since
January 2005, the sentencing mini trial must comply with the
Fifth, and Sixth Amendments protections, prior sentences to
Supervised Release, and in many cases enhancements found by judicial
officer on judicial claims do not meet Fifth and Sixth Amendments
compliance tests under Booker, Apprendi, Jones, and other District
Courts statements.

Unusual is defined as not ordinary, unorthodox, distinctive,

notable.  In context of the Constitution of the United States
at Amendment Eight, unusual is behavior related to punishment
that shocks the moral sense of the community, some degrading
punishment that shocks the moral sense of the community, some
degrading punishment not know at the Common Law.  Two sentences
of different types under different statutes, brought to a defendant
for answer, by different parties, e.g., branches of Government
as administered by these of highest knowledge of the law is unusual
to say the least.  Unconstitutional application of the United
States powers is oppressive in the extreme, and no one is bound
to act outside designated and delimited authority, nor should
they be subject to such.

   The courts are not bound to enforce void as initio acts,
Painter v. Shalala 97 F3d 1351, Bartlet v. Bowen 886 F2d 695.
The courts thereafter have no jurisdiction over the subject matter,
US v. Baucum 80 F3d 539.  Invalidity must be made to appear clearly
or plainly, undoubtedly, palpably, convincingly, unmistaken,
inescapably on highly persuasive, clear and convincing, irrefragable
evidence, American Jurisprudence Second, Volume 16A, section
200 and Supreme Court findings on facts, conclusion of law decision
issued January 12, 2005 Nos; 04-104, 04-105.16A American Jurisprudence,
Section 199, cities over fifty reports supporting these statements.
Section 199, also states a clear usurpation by the legislature of
a prohibited power is manifest before a statute can be pronounced
unconstitutional and void.

   Therefore, it is not on mere sightest implication or vague
conjecture that the legislature can be said to have transcended
its powers and passed legislation that must be considered void

as stated in Fleming v. Nestor 363 US 603. Volume 16 A at Section
203 states "since unconstitutionality dates from, the time of
its enactment.... in legal contemplation, is as inoperative as
if it had never been passed and never existed, that is, void
ab initio. Such statute leaves the question that it purports
to settle just as it, would be had the statute not been enacted."
Section 204 Volume 16 A states; "But right acquired under a
statute that is adjudged invalid, even though the statue was
considered valid by eminent attorneys; public officers and others,
(emphasis added) and reliance on a statute which is subsequently
declared unconstitutional does not protect one from civil respon-
siblity for an act in reliance there on which would otherwise subject
him or her to liability in absence of such statute."

And further, Section 207, Volume 16A states "There are no
degrees of constitutionality, so that an act is either constitutional
or uncontitutional." As the sentence issued by a courts in their
execution are solely the responsibility of the executive Branch,
and each official is bound to known the law, ignorance being
no excuse, it is axiomatic that prison officials knew on January
12, 2005, Supreme Court notice, they were and are required to
take corrective measure, they have failed to act.

The law prior to 98-473, U.S.S.G., being in effect January
11, 2005, pursuant to Supreme Court notice, means sentence calculations
falls under prior law. Title 18 U.S.C. Chapter 227 1987 edition,
Chapter 311 and others returned to effective application a controlling
law governing sentences.

The undictment set absolutely the punishment available. Any action, by the court outside the indictment lack of subject-matter jurisdiction in the sentencing context, meaning as a whole is a single prosecution transaction. Authority for the single transaction a criminal prosecution, valid, or not, is predicated by the indictment which states all subjects to be applied against the defendant above shows in clear, irrefrageable, term, statements issued for execution by the United States in all Branchs that for correction of a plain error in both judicial and executive functions is absolutely required.

### CONCLUSION

For all the reasons herein, petitioner respectfully prays that this court issue its 'Writ of Habeas Corpus', hereforewith. Dated this *20* day of November, 2007

Respectfully submitted,

*Emanuel Bolden*

Emanuel Bolden#
Federal Correctional Complex
P.O. Box  33
Terre Haute, Indiana  47808

## CERTIFICATE OF SERVICE

I, Emanuel Bolden, certify that one original copy of the foregoing, was sent via U.S. Mail, first class, postage prepaid to:

      United States Attorney General
      Patrick J. Fitzgerald
      Dirksen Bldg.
      219 S. Dearborn St, 5th Fl
      Chicago, Illinois  60604

I, declare under the penalty of perjury, that the foregoing is true and correct.

Executed this 7-20-07 day of November, 2007

                                 Respectfully,

                                 *Emanuel Bolden*

                                 Emanuel Bolden